## HORSMAN v. DEPARTMENT OF PROFESSIONAL REGULATION, FLORIDA ELECTRICAL CONTRACTORS LICENSING BOARD

### Case No. 84-4225

State of Florida, Division of Administrative Hearings

March 6, 1985

**APPEARANCES OF COUNSEL**

**Edward W. Horsman,** pro se.

**Susan Tully** for respondent.

### OPINION

#### RECOMMENDED ORDER

WILLIAM J. KENDRICK, Hearing Officer.

Pursuant to notice, the Division of Administrative Hearings, by its duly designated Hearing Officer, William J. Kendrick, held a public hearing in the above-styled case on February 19, 1985, at Punta Gorda, Florida.

#### *PRELIMINARY STATEMENT*

The issue raised by these proceedings is whether Petitioner has three years' experience in the trade as an electrical contractor, or in a responsible management position with an electrical contractor, to qualify for licensure by examination.

196

At final hearing Petitioner testified on his own behalf, and called Frank Page as a witness. Petitioner offered Exhibits 1 through 9, and they were received into evidence. Respondent called no witnesses and offered no exhibits.

Respondent has submitted proposed findings of fact and conclusions of law. Respondent's findings of fact and conclusions of law are approved. No proposed findings of fact and conclusions of law were filed by Petitioner.

## FINDINGS OF FACT

1. Petitioner, Edward W. Horsman, filed an application August 14, 1984, pursuant to Chapter 489, Florida Statutes, for certification by examination as an electrical contractor.

2. On October 12, 1984 Respondent denied Petitioner's application on the basis that he lacked sufficient experience in the trade to qualify for the licensure examination. Section 489.521, Fla. Stat., and Rule 21GG-5.02(1), F.A.C. Petitioner filed a timely request for a hearing pursuant to Section 120.57, Fla. Stat.

3. Petitioner has 20 years' experience in the electrical construction industry. From 1965-1980 Petitioner was employed by Spaulding Electric Company, an electrical contractor in Detroit, Michigan. While employed by Spaulding, Petitioner worked as a wireman for one and one-half years, a foreman for one and one-half years, a field superintendent for four years, an estimator for one and one-half years, chief estimator for one and one-half years, and as manager of electrical construction for five years. Petitioner's managerial and supervisory experience included supervision of draftsmen in plan preparation, bid estimates, negotiation of contracts, overall supervision of construction, scheduling and purchasing.

4. From 1980-1982 Petitioner was employed by Lastar Electric Company, an electrical contractor in Madison Heights, Michigan. Petitioner's managerial and supervisory experience at Lastar comported with his duties at Spaulding.

5. In December 1982 Petitioner was laid off by Lastar, due to an economic recession which plagued Detroit, Michigan. From December 1982 until February 1984, Petitioner operated his own consulting firm in Rochester, Michigan, providing estimating and project management services for electrical contractors. Business was poor, and few contracts were acquired. In February 1984 Respondent relocated to Englewood, Florida, and undertook his current employment with Baldwin Electric,

Inc. Respondent seeks to be licensed as the qualifying agent for Larry's Electric, Inc., a wholly owned subsidiary of Baldwin Electric, Inc.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, these proceedings.

2. Petitioner asserts that he is qualified for certification by examination as an electrical contractor, and that his application to sit for the next examination should be approved. Respondent's proposed findings of fact and conclusions of law concede that the evidence presented at final hearing demonstrates Petitioner's qualification for licensure by examination.

3. To qualify for licensure by examination as an electrical contractor, an applicant must demonstrate three years of experience in the trade as an electrical contractor, or in a responsible management position with an electrical contractor. Section 489.521(2), Fla. Stat., Rule 21GG-5.03(1), F.A.C.

4. Petitioner has proven he possesses the required skill, knowledge, and experience for licensure by examination as an electrical contractor. Petitioner has held responsible management positions with electrical contractors for almost a decade, as evidenced by his employments with Spaulding Electric Company and Lastar Electric Company. Further, Petitioner has held a certificate of competency as a master electrician for over 15 years.

Based on the foregoing findings of fact and conclusions of law, it is

RECOMMENDED that Petitioner's application for certification by examination as an electrical contractor be approved, and that Petitioner be permitted to take the next available licensing examination.